## IN THE COURT OF APPEALS OF IOWA

No. 14-0172
Filed July 30, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SHAYLA NICOLE DENTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Bradley J.

Harris, Judge.


        Defendant appeals the sentence imposed following her plea to drug-

related offenses.  **AFFIRMED.**


        Luke D. Guthrie of Roberts, Stevens, Prendergast & Guthrie, P.L.L.C.,

Waterloo, for appellant.

        Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney

General, Thomas J. Ferguson, County Attorney, and Brad Walz, Assistant

County Attorney, for appellee.



        Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

Defendant Shayla Denton pleaded guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to the following: possession of a controlled substance, marijuana, with intent to distribute, within 1000 feet of a public school, in violation of Iowa Code sections 124.401(1)(d) and 124.401A (2013); and failure to possess a tax stamp, in violation of section 453B.12. The matter came on for a sentencing hearing on February 16, 2014. The State recommended a suspended sentence, and the defendant requested a deferred judgment. The district court sentenced Denton to concurrent terms of incarceration for each count, suspended the sentences, and placed Denton under the supervision of the Department of Correctional Services. On appeal, Denton challenges her sentence, arguing the district court considered an impermissible factor in not granting her a deferred judgment.

The decision to grant a deferred judgment to an eligible defendant rests within the sound discretion of the sentencing court. See Iowa Code § 907.3 (providing the district court "may" grant a deferred judgment); *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996) ("When a sentence is not mandatory, the district court must exercise its discretion in determining what sentence to impose."). Here, the sentence imposed was allowed by statute, and the decision to impose a sentence within statutory limits is "cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). The sentence will not be upset on appeal "unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure." *State v. Grandberry*,

619 N.W.2d 399, 401 (Iowa 2000). "An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Thomas*, 547 N.W.2d at 225.

Denton contends the court considered an impermissible factor in determining her sentence. Specifically, she contends the court considered the conduct of Denton's intermittent boyfriend and father of her children—who, according to Denton—was the person distributing drugs from Denton's home without her knowledge. The argument is without merit. At the sentencing hearing, it is clear the court made a sentencing determination based on its conclusion that Denton never accepted responsibility for her conduct. The sentencing court found it implausible Denton was not participating in and did not know that Denton's on-again/off-again, live-in-boyfriend was distributing marijuana from Denton's home. The police recovered twenty-two bricks of marijuana from the home, $2000 in cash, guns, and ammunition. The smell of marijuana permeated the house. Also, the district court concluded Denton was receiving income from the distribution of marijuana because her expenses far exceeded the income she earned from part-time employment. Thus it was her conduct—not her boyfriend's conduct—and her failure to accept responsibility for her conduct that influenced the district court. The district court's consideration of the defendant's lack of remorse and failure to accept responsibility for her conduct was entirely appropriate. *See State v. Knight*, 701 N.W.2d 83, 89 (Iowa 2005) (holding that sentencing court may consider lack of remorse as a sentencing factor following *Alford* plea).

Having found no error, we affirm the sentence of the district court.

**AFFIRMED.**