**STATE of Iowa, Appellee,**

v.

**David THOMAS, Appellant.**

No. 95–1330.

Supreme Court of Iowa.

April 17, 1996.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Angelina M. Smith, Assistant Attorney General, William E. Davis, County Attorney, and Hugh J. Pries, Donald E. Frank and Robert Weinberg, Assistant County Attorneys, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and TERNUS, JJ.

PER CURIAM.

The defendant, David L. Thomas, appeals the sentence imposed upon his guilty plea to possession with intent to deliver a controlled substance (cocaine base) in violation of Iowa Code section 124.401(1)(b)(3) (1995). Thomas contends the district court erred in failing to exercise its discretion to waive the one-third mandatory minimum prison sentence under Iowa Code section 124.413. We affirm.

Thomas was charged by trial information with possession with intent to deliver five grams of cocaine base, and failure to affix a drug tax stamp in violation of Iowa Code section 453B.12. Thomas agreed to plead guilty to the possession charge. In exchange, the State agreed to dismiss the drug tax stamp charge and dismiss similar charges pending in another case. The State recommended a term of incarceration. Concurrence of the district court was made a condition of the plea agreement. The district court accepted the plea, finding it was entered voluntarily and with a factual basis. Thomas was advised of his right to file a

motion in arrest of judgment. He declined to file such a motion.

The district court sentenced Thomas to a term of imprisonment not to exceed twenty-five years. The court further imposed the mandatory one-third minimum sentence pursuant to Iowa Code section 124.413. The district court did not discuss in detail the one-third mandatory minimum sentence under section 124.413; however, the court noted that the one-third mandatory minimum should be applied. The court stated it imposed the sentence based on Thomas's inability to address his substance abuse problems and the fact there was a substantial amount of cocaine base involved. Thomas has appealed.

 The supreme court's review is for the correction of errors at law. Iowa R.App.P. 4. Sentencing decisions of the district court are cloaked with a strong presumption in their favor. *State v. Loyd,* 530 N.W.2d 708, 713 (Iowa 1995). Where, as here, a defendant does not assert that the imposed sentence is outside the statutory limits, the sentence will be set aside only for an abuse of discretion. *State v. Neary,* 470 N.W.2d 27, 29 (Iowa 1991). An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.*

Thomas contends the district court erred in failing to exercise its discretion to waive the one-third mandatory minimum sentence as provided in section 124.413. He argues the district court was unaware it had discretion to waive the mandatory minimum sentence based on the court's language that under section 124.413 it "could" be required to impose the mandatory minimum. He further asserts that because this was his first conviction under section 124.401(1), the district court was required to apply the factors set forth in Iowa Code section 901.10 and exercise its discretion in waiving the mandatory minimum sentence under section 124.413.

Thomas pleaded guilty to delivery of cocaine base in violation of section 124.401(1)(b)(3). Based on that charge, he was subject to the mandatory minimum sentence requirements of section 124.413. Section 124.413 provides, in pertinent part:

> A person sentenced pursuant to section 124.401, subsection 1, paragraph "a", "b", "c", "e", or "f", shall not be eligible for parole until the person has served a minimum period of confinement of one-third of the maximum indeterminate sentence prescribed by law.

Section 901.10, in pertinent part, provides that when sentencing a person for their first conviction under 124.406, 124.413, or 902.7, the district court may, at its discretion, sentence that person to a term of imprisonment less than provided by statute if mitigating circumstances exist and those circumstances are specifically outlined in the record.

 When a sentence is not mandatory, the district court must exercise its discretion in determining what sentence to impose. *State v. Berney,* 378 N.W.2d 915, 920 (Iowa 1985). The district court must demonstrate its exercise of discretion by stating upon the record the reasons for the particular sentence imposed. *State v. Garrow,* 480 N.W.2d 256, 259 (Iowa 1992). The sentencing court, however, is generally not required to give its reasons for rejecting particular sentencing options. *Loyd,* 530 N.W.2d at 713–14.

 In the present case, the district court stated the following reasons for the sentence imposed:

> I don't see in this situation where you previously have been involved in any substance abuse or any drug charges before, so the enhancement will not apply. However, there is a—under 124.413 there is, in fact, a penalty for being involved in the use—or in the sale or possession with intent to sell drugs which *could* require this Court to order that you serve a mandatory minimum of one-third of the sentence in connection with this matter. *I specifically find that based on your inability in the past to address your substance abuse problems and the fact that there was a substantial amount of cocaine and you were, in fact, involved in possession with intent to*

*deliver that cocaine that the mandatory minimum must and does apply.*

(Emphasis added.)

Thomas argues that the above language demonstrates the district court was unaware it had discretion to waive the mandatory minimum sentence requirements of section 124.413. He further asserts the court failed to make specific reference to section 901.10. The record, however, reveals the district court was aware of the potential, permissible waiver of the mandatory minimum under sections 124.413 and 901.10. We believe the district court's use of the phrase *"could re-quire this [c]ourt"* indicates the court was aware that the application of section 124.413 is not mandatory in all cases. The district court specifically noted the substantial amount of cocaine involved and Thomas's failure to address his ongoing substance abuse problem. The fact the district court did not specifically mention the absence of mitigating circumstances is inconsequential since this court has recognized that the district court is not required to note them. *State v. Russian,* 441 N.W.2d 374, 375 (Iowa 1989). We believe it is clear the district court found no mitigating circumstances which would justify waiving the mandatory minimum sentence.

We conclude the district court exercised the discretion granted it under section 901.10 and imposed the mandatory minimum sentence required under section 124.413. Thomas's sentence is therefore affirmed.

**AFFIRMED.**