**IN THE COURT OF APPEALS OF IOWA**

No. 13-1060
Filed April 16, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**AARON MICHAEL HERMEN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Karen
Kaufman Salic, District Associate Judge.


        Aaron Hermen appeals from the sentences imposed following his guilty
pleas.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Melinda Nye, Assistant
Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Mary Triick, Assistant Attorney
General, and Carlyle D. Dalen, County Attorney, for appellee.



        Considered by Vogel, P.J., and Tabor and McDonald, JJ.

**MCDONALD, J.**

Aaron Hermen appeals from the sentences imposed following his guilty pleas to domestic abuse assault by strangulation, OWI third offense, and child endangerment.  He contends his trial counsel was ineffective in not objecting to the State's breach of the plea agreement and the trial court abused its discretion in sentencing.  We affirm the sentences.

**I.**

Pursuant to a plea agreement, Hermen entered written guilty pleas to the charges listed above and also participated in an oral colloquy with the court concerning the pleas.  As part of the plea agreement, the State agreed to dismiss all other charges and to recommend one year in jail with all but thirty days suspended on the domestic assault charge, a five-year sentence with all but thirty days suspended on the OWI, and sixty days in jail on the child endangerment charge.  The State was also to recommend the two thirty-day sentences be served consecutive to each other but concurrent with the sixty-day sentence.  A presentence investigation report was prepared, which recommended concurrent sentences of five years for domestic assault, five years for OWI, and two years for child endangerment.

At sentencing, the prosecutor said:

> Your Honor, the—going through each of the three counts, for Count I, the Domestic Assault of Impeding Air Flow, as an aggravated misdemeanor, the State's recommendation is a one year in jail, with all but thirty days suspended, credit for time served, that he be placed on probation for a period of two years, receive a suspended minimum fine, and be required to—be required to complete the batterer's education program.  For—we ask that that sentence be consecutive to Count II and concurrent to Count III. Count II the recommendation for an O.W.I., Third, is a term in

3

prison not to exceed five years, with all but thirty days being suspended, credit for time served, the minimum fine, and be placed on probation for three years, and also be required to complete a substance abuse evaluation, if he's not already done so and follow through on any recommended treatment. We ask that that be consecutive to Count I and concurrent with Count III.

And then for Count III, the Child Endangerment, the recommendation is sixty days and a $625.00 fine, which is the minimum fine, as well as credit for time served. And as I already stated that is to be concurrent with the other two counts. We've already dismissed Count IV, so no recommendation is needed there

The history as stated in the PSI and so the Court can review that as well as in the court file. The State's requesting restitution as stated in their statement of pecuniary damages that they've already filed for the utility pole that Defendant hit in this case, and that's to be paid to Alliant Energy in the amount of $2,947.39. I'm not aware of any other restitution.

So in light of that, these recommendations seem very reasonable considering the severity of the charges and the facts that are behind them such as getting in an accident, he was very uncooperative with the police saying—using language like, FU; and so in light of that, this recommendation seems reasonable and we ask the Court to adopt it.

The State's sentencing recommendation was in accord with paragraph twelve of the written plea agreement. Hermen's counsel did not object to the prosecutor's recommendation. Hermen's attorney said, "We are also asking the Court to adopt the recommendations as set forth in the plea agreement." The attorney then enumerated several mitigating factors before closing with, "So we would ask that you accept the State's recommendations set forth in the plea agreement."

The district court rejected the parties' joint recommendation:

Mr. Hermen, the law requires that I take a number of factors into account when deciding what an appropriate sentence is for someone. One of those things obviously is your rehabilitation, not just your need for it but also your potential for it. Also protecting the community. In this particular case, you have specific victims, but

the protection of the community as a whole. And also deterring others from committing similar offenses.

Some of the things that are kind of subcategories of those considerations, your age, your family situation, your criminal history, the nature of this offense, and anything that I considered in reading the Pre-Sentence Investigation Report and what I have learned about you in the hearing today both through your statements as well as the argument of your counsel.

And as I'm sure you understand and even Ms. Turner has alluded to it, you have a horrible criminal history for someone who's twenty-five years of age. In November of 2006, you were convicted of a weapons charge. While you were still on probation for that offense, you—and an O.W.I. sorry; while you were on probation for those offenses, you were charged with Assault Causing Bodily Injury in June of 2007. Because of that offense you had a probation revocation proceeding on the first two charges where there was a contempt finding. You were placed on probation for the assault charge which has now been revoked apparently. In October of 2007, you have a new charge of Possessing a Firearm as a Felon, there was a prison term on that which was suspended but has since been revoked. 2009 you had an Eluding charge, given probation and that has also been revoked, along with an O.W.I., Second Offense, that occurred at the same time.

And as I'm sure you've noticed this pattern of weapons, of alcohol violations of driving, of assaulting people, and that's unacceptable. Obviously, it's illegal and we're here today on charges of you strangling your wife, of endangering your child and of you driving drunk for the third time. Every attempt to have you on probation has failed. And I have no reason to believe given your history that we're going to have any other result on this—these charges. And so I'm not going to adopt the recommendations of the parties. I will adopt the recommendation of the pre-sentence investigator.

. . . .

In light of your recent employment and other compliance with the Department of Human Services, I am going to order that these sentences be served concurrently with hopes that when you do return from prison, that you will start on the right path.

## II.

Hermen contends his trial counsel was ineffective in failing to object to the State's breach of the plea agreement. Our review is de novo. *See State v. Bearse*, 748 N.W.2d 211, 214 (Iowa 2008). He argues the State did not truly

"recommend" the sentences agreed upon because it mentioned the presentence investigation report, the severity of the charges, and that the recommendation was "reasonable." He contends the State's recommendation was really a "wink and a nod" and "can only be characterized as insincere." We disagree.

The circumstances before us are not like those in the cases cited by Hermen: *Bearse* and *State v. Horness*, 600 N.W.2d 294 (Iowa 1999), where the court found the State breached the plea agreement by not recommending the agreed-upon sentences. *See Bearse*, 748 N.W.2d at 216 ("Not only did the State in this case mistakenly recommend incarceration at the outset, but it clearly suggested incarceration should be imposed by referring to the presentence investigation report (which recommended incarceration) and reminding the court that it was not bound by the plea agreement. The State clearly breached the plea agreement by suggesting more severe punishment than it was obligated to recommend."); *Horness*, 600 N.W.2d at 300 ("[T]he county attorney breached the plea agreement by failing to commend the recommended sentences to the court or otherwise inform the court that the State supported the suggested sentencing of the defendant. . . . The prosecutor also breached the plea agreement by informing the court of an "alternative recommendation" and making statements implying that the alternative recommendation was more worthy of acceptance."). The State here recommended the agreed-upon sentences, assured the court the sentences were reasonable, and explicitly asked the court to adopt the recommendation. The passing reference to the presentence investigation was in the context of restitution, not, as Hermen suggests by omitting the restitution discussion from his quote, in reference to the sentencing recommendation. We

conclude the State properly fulfilled its obligation to "recommend" the agreed-upon sentences and ask the court to adopt the recommendation.

Because there was no breach of the plea agreement, Hermen's attorney had no duty to object, and Hermen was not prejudiced by the lack of objection. *See Bearse*, 748 N.W.2d at 214-15 (setting forth the two elements of ineffective assistance and noting, "If the State did not breach the plea agreement, defense counsel could not have been ineffective"). Hermen's trial attorney was not ineffective in not objecting to the State's sentencing recommendation.

**III.**

Hermen also contends the court abused its discretion in sentencing because it relied "solely on Hermen's criminal history when determining the appropriate sentence." Because the sentences imposed fall within the statutory limits, we review the trial court's sentencing decision for an abuse of discretion. *See State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996).

"In exercising its discretion, the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). Although "a sentencing court has a duty to consider all the circumstances of a particular case," it is not "required to specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). Furthermore, "the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *Id.*

The sentencing court considered the statements and recommendations of counsel, the defendant's statements, and the presentence investigation report. The court expressly noted mitigating factors in determining to order concurrent sentences. Although the court recited much of Hermen's criminal history, it was in the context of determining his "propensities or chances for reform" and how best to protect society. *See Johnson*, 513 N.W.2d at 719; *see also* Iowa Code § 907.5(1) (2013). The trial court did not rely solely on Hermen's criminal history and did not fail to consider mitigating circumstances. We find no abuse of discretion.

## IV.

Having determined trial counsel was not ineffective in not objecting to the State's sentencing recommendation and the court did not abuse its discretion in determining the appropriate sentence, we affirm.

**AFFIRMED.**