# IN THE COURT OF APPEALS OF IOWA

No. 13-0273
Filed May 14, 2014

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**CHRISTOPHER LEE WEBER,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.

A defendant appeals from the sentence imposed after a plea of guilty to the charge of theft in the fourth degree. **AFFIRMED.**

Katie L.N. Madson of Terril, Richardson, Hostetter & Madson Law Offices, Ames, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Stephen Holmes, County Attorney, and Tyler Eason, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Tabor, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**GOODHUE, S.J.**

Christopher Lee Weber appeals from the sentence imposed after his plea of guilty to the charge of theft in the fourth degree.

## I. Background Facts and Proceedings

Weber was charged with theft in the third degree after he attempted to leave an Ames Walmart store with $928.72 worth of unpaid merchandise in a shopping cart. As a result of a plea agreement, the charge was reduced to theft in the fourth degree. Weber entered a written plea of guilty. The guilty plea was accepted, and sentencing was set for a later date.

At sentencing the county attorney recommended the following pursuant to the plea agreement: (1) Weber be given a one-year commitment to the county jail with all but thirty days suspended; (2) he be given credit for the thirty days served; and (3) he be placed on probation for the portion of the sentence not served. The court sentenced Weber to serve one year in the county jail with credit for time served and certain financial obligations, which are not at issue in this appeal. The trial court did not suspend any portion of the sentence. Weber did not address the court at sentencing, but his counsel asked the court to consider Weber's age, immediate admission of the crime to law enforcement, the return of all items taken, and the length of time of incarceration prior to the plea and sentencing.

In announcing the sentence, the court noted that the two primary objectives of a sentence are to rehabilitate the defendant and to protect the community from further offenses. The court then reviewed Weber's criminal history. The court noted the following: (1) Weber had been convicted of a

previous theft in the fourth degree less than two years before the instant crime; (2) he had been convicted of alcohol and substance abuse related offenses since the prior sentencing for theft; (3) he had been given probation on a previous charge but failed to meet the probation requirements and probation was revoked; (4) he was unlikely to comply with probation requirements; (5) Weber had already been imprisoned twice; (6) efforts to rehabilitate Weber had not been effective; and (7) the community needed to be protected from Weber's continuous criminal activities. On the day of sentencing Weber filed a pro se appeal.

## II. Preservation of Error

Since the defendant has no way of knowing before judgment is entered whether adequate reasons for the sentence chosen will be stated by the court, the rules of error preservation are not applicable. *State v. Cooley*, 587 N.W.2d 752, 754 (Iowa 1998). Error has been preserved.

## III. Standard of Review

The appellate court's scope of review is for corrections of errors at law. Iowa R. App. P. 6.907. Sentencing decisions of the district court are favored with a strong presumption of correctness, and unless outside the statutory limits, sentencing will be set aside only for an abuse of discretion. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). An abuse of discretion exists only when the district court's decision is based on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.*

## IV. Discussion

Weber contends the trial court abused its discretion when it failed to consider and give proper weight to his age and additionally that he had already

been incarcerated on the pending charge for sixty-one days, he had been cooperative with law enforcement, he had admitted his guilt, and he had entered a plea of guilty.

A sentencing court is required to state in the record the reasons for selecting a particular sentence. Iowa R. Crim. P. 2.23(3)(d). All that is required is a cursory explanation sufficient to allow an appellate review of the trial court's decision. *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). The court clearly met those requirements.

The trial court considered the two fundamental objectives of sentencing by addressing the possibility of rehabilitation and the protection of the community from further offenses by the defendant. *See* Iowa Code § 901.5 (2011). Weber in effect contends that the trial court's failure to address in its stated reasons all factors that might be considered in arriving at the sentence, and particularly the ones his counsel set out as possible mitigating factors, constituted an abuse of discretion in the imposition of the sentence. However, a sentencing court is not required in setting out its reasons for the sentence imposed to acknowledge each claim of mitigation, nor does its failure to acknowledge a particular circumstance necessarily mean it was not considered. *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). The sentence pronounced was reasonable under the circumstances and within the parameters of the court's discretion in sentencing. *See State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010).

The trial court provided an adequate record to review its sentencing decision and did not abuse its discretion in the imposition of the sentence pronounced.

**AFFIRMED.**