**IN THE COURT OF APPEALS OF IOWA**

No. 13-1489
Filed May 29, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DEREK R. BRADHAM,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Lee (North) County, Mary Ann Brown, Judge.

        Defendant appeals his sentence for eluding and possession of a controlled substance with intent to deliver.  **AFFIRMED.**

        Steven Swan, Keokuk, for appellant.

        Thomas J. Miller, Attorney General, Mary Alissa Triick, Assistant Attorney General, Michael Short, County Attorney, and Clinton R. Boddicker, Assistant County Attorney, for appellee.

        Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**MCDONALD, J.**

Defendant Derek Bradham was charged by trial information with felony eluding, possession of marijuana with the intent to deliver within 1000 feet of a school, failure to possess a drug tax stamp, and possession of marijuana. Bradham entered into a plea agreement with the State. Bradham pleaded guilty to eluding, an aggravated misdemeanor, in violation of Iowa Code section 321.279(2) (2013), and possession of marijuana with intent to deliver, without enhancement, in violation of section 124.401(1)(d). In the plea agreement, the State agreed to dismissal of the remaining charges and to recommend suspended sentences. Under the agreement Bradham was free to request and argue for a deferred judgment. The matter came on for a sentencing hearing on August 30, 2013. The district court sentenced Bradham to concurrent terms of incarceration, suspended the sentences, and placed Bradham under the supervision of the Department of Correctional Services.

On this direct appeal, Bradham contends the district court abused its discretion by suspending his sentences rather than granting him a deferred judgment. The decision to grant a deferred judgment to an eligible defendant rests within the sound discretion of the sentencing court. *See* Iowa Code § 907.3 (providing the district court "may" grant a deferred judgment); *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996) ("When a sentence is not mandatory, the district court must exercise its discretion in determining what sentence to impose."). The decision to impose a sentence within statutory limits is "cloaked with a strong presumption in its favor . . . ." *State v. Formaro*, 638 N.W.2d 720,

724 (Iowa 2002). The sentence will not be upset on appeal "unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure . . . ." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). "An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Thomas*, 547 N.W.2d at 225. Our review is for correction of errors at law. *Id.*

Bradham does not identify any irregularity in the sentencing proceeding. He does not contend, for example, the sentencing court considered an impermissible factor or failed to consider a proper factor. Nor does he contend the district court placed undue weight on any single factor. Instead, Bradham simply argues he is a good candidate for a deferred judgment, and the district court abused its discretion in not granting his request. At sentencing, the district court listened to the defendant's statement in mitigation and explained its reasons for imposition of the sentence selected. The proceedings were regular. The district court's reasons for imposition of the sentence were well-reasoned and not in any way improper. We conclude the district court properly exercised its sentencing discretion.

**AFFIRMED.**