**IN THE COURT OF APPEALS OF IOWA**

No. 13-2081
Filed August 13, 2014

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**CLAYTON DOYLE MILLER,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.


　　　　Clayton Doyle Miller appeals from the sentence imposed upon his plea of guilty to operating while intoxicated, third offense. **AFFIRMED.**


　　　　Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney General, Stephen Holmes, County Attorney, and Shean Fletchall and Tiffany Meredith, Assistant County Attorneys, for appellee.


　　　　Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**POTTERFIELD, P.J.**

Clayton Doyle Miller appeals the sentence imposed after his guilty plea for operating while intoxicated (OWI), third offense, in violation of Iowa Code section 321J.2 (2013). He argues the district court abused its discretion when it imposed a term of incarceration not to exceed five years rather than sentencing him to the OWI continuum allowing him to reside in a treatment facility rather than prison. Finding no abuse of discretion in the district court's sentencing decision, we affirm.

**I. Background Facts and Proceedings.**

Miller pleaded guilty to OWI, third offense, and a presentence investigation (PSI) was completed. The PSI report indicates that an "OWI Continuum Worksheet" assessment suggested Miller was a candidate for the OWI continuum program; however, the investigator recommended Miller be sentenced to a five-year prison term:

> Based on the defendant's previous criminal history and his continued use of alcohol, minimization of usage and community safety being at risk; the writer finds that the defendant is *not* an appropriate candidate for placement in the OWI Program. The defendant should be sentenced directly to prison for the following reasons: The defendant was sentenced to Curt Forbes to seek treatment on 02/25/2008. He was revoked on 10/2/2009. The defendant was sentenced to the Curt Forbes to seek treatment on 08/07/2009 for Cause Numbers OWCR040121 and OWCR042249. The defendant has been given opportunities for rehabilitation and continues to make choices that are not pro-social and place the community at risk.

(Emphasis added).

The court imposed a five-year term of incarceration, observing Miller had a long history of alcohol-related offenses and previous involvement with the OWI

offender program, yet he continued to put the public at risk by drinking and driving.

Dissatisfied with the court's decision to incarcerate him rather than place him in a residential treatment program, Miller now appeals.

## II. Standard of Review

We review sentences imposed in criminal cases for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not disturb the district court's decision unless there has been an abuse of discretion. *Id.* "Sentencing decisions of the district court are cloaked with a strong presumption in their favor." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). Abuse of discretion is found when the sentencing court imposes a sentence for reasons that are untenable or clearly unreasonable. *Id.*

## III. Discussion

Miller alleges the district court abused its discretion when it imposed the five-year sentence of incarceration instead of placing him in the OWI offender program. Miller argues that he and society both would benefit more from his placement in a treatment facility rather than prison. The court imposed a sentence recommended by the PSI report, which was within statutory limits. *See* Iowa Code § 321J.2(2)(c). This sentencing decision is neither unreasonable nor untenable. *See Formaro*, 638 N.W.2d at 724 (noting that the decision to impose a particular sentence within the statutory limits is strongly presumed to be reasonable). The court clearly laid out its rationale for the sentence stating,

> [Y]ou have a very long history of alcohol-related offenses, including multiple OWI's, and you have been to OWI offender program before, yet you continue to drink to the point of intoxication, get in a

> vehicle, and drive. . . . I cannot see that any kind of probation here is appropriate. You're just too dangerous to have out in the community. . . . I don't think the OWI offender program is appropriate.

Thus, the court considered the nature of the offense, the defendant's prior record, and the protection of the community, all of which are relevant factors to the district court's "arduous task of sentencing." *See id.* at 725.

Finding no abuse of discretion with respect to the sentence imposed, we affirm.

**AFFIRMED.**