# IN THE COURT OF APPEALS OF IOWA

No. 13-1577
Filed October 1, 2014

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**LOREN ANTON GOODWIN III,**
          Defendant-Appellant.
_____

          Appeal from the Iowa District Court for Warren County, Gary G. Kimes,

Judge.

          Defendant appeals the consecutive sentences imposed by the district

court. **AFFIRMED.**

          Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant

Appellate Defender, for appellant.

          Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney

General, John Criswell, County Attorney, and Bobbier A. Cranston, Assistant

County Attorney, for appellee.

          Considered by Danilson, C.J., and Vogel and Bower, JJ.

**DANILSON, C.J.**

Loren Goodwin III appeals the consecutive sentences imposed following his guilty plea for domestic abuse assault, third offense, and the revocation of his probation. He maintains the district court abused its discretion in failing to provide specific reasons to impose consecutive sentences. Upon our review of the record, we affirm.

**I. Background Facts and Proceedings.**

On August 12, 2013, Goodwin pled guilty to domestic abuse assault, third offense, pursuant to a plea agreement. As part of the agreement, Goodwin also stipulated that he violated his probation in cases AGCR026906 and FECR026835. The State recommended the sentence imposed for the domestic abuse assault run consecutively with that of the probation violation and a third case, SMAC112884, which involved a ninety-day sentence for violation of a no-contact order. The district court accepted Goodwin's plea, ordered a presentence investigation, and scheduled the sentencing hearing for September 3, 2013.

During the sentencing colloquy, the district court stated:

> The Court has had a chance to review the presentence investigation and notes the Defendant's history with the criminal court in the past. I have taken into consideration the comments by the assistant county attorney. I have considered this Defendant's opportunity and possibility of rehabilitation, protection of the community from further offenses, his age and his employment circumstances and his family circumstances and the nature of the offense. And, of course, I am assuming the Defendant is aware of the Court's limited discretion in this kind of case. I am going to be sentencing this Defendant as per the Code of Iowa and sentence him to an indeterminate term not to exceed five years in the men's prison system of the State of Iowa. Pursuant to the statute, he shall serve one year before becoming eligible for parole. In addition, I

am going to impose a $750 fine plus the 35 percent surcharge. There are some probation violations and I believe he has probably served enough time that those are discharged but they shall run consecutive to this particular charge. He is given credit for time already served whether that is 120 or 150 days. That will be determined by the Court at a later time.

Goodwin appeals the sentence.

## II. Standard of Review.

Our review of the district court's sentencing decision is for correction of errors at law. *State v. Thomas,* 547 N.W.2d 223, 225 (Iowa 1996). The decision to impose a sentence within statutory limits is "cloaked with a strong presumption in its favor." *State v. Formaro,* 638 N.W.2d 720, 724 (Iowa 2002). The sentence will not be upset on appeal "unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure." *State v. Grandberry,* 619 N.W.2d 399, 401 (Iowa 2000). An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Thomas,* 547 N.W.2d at 225. In criminal cases the court is to "state on the record its reasons for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d).

## III. Discussion.

Goodwin concedes we may look to the overall sentencing plan to glean the court's reason for imposing consecutive sentences, but he maintains the court failed to give any reasons that explain such an imposition in this case.

"If a person is sentenced for two or more separate offenses, the sentencing judge may order the second or further sentence to begin at the expiration of the first or succeeding sentence." Iowa Code § 901.8 (2013). A

sentencing court must state, on the record, its reason for selecting a particular sentence. *State v. Barnes,* 791 N.W.2d 817, 827 (Iowa 2010) (citing Iowa R. Crim. P. 2.23(3)(d)). The court must also provide reasons for imposing consecutive sentences. *Id.* "A statement may be sufficient, even if terse and succinct, so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion." *State v. Hennings,* 791 N.W.2d 828, 838 (Iowa 2010). We may look to the court's overall sentencing rationale to glean the reasoning for imposing consecutive sentences. *See id.* ("[I]t is apparent to us that the district court ordered the defendant to serve his sentences consecutively as part of an overall sentencing plan.").

In *Hennings,* our supreme court, reviewing the sentencing colloquy, stated, "The court spoke at length about the information it considered in making a sentencing determination and specifically what factors influenced its ultimate decision. This is not a situation where the court 'failed to give even a terse explanation of why it imposed consecutive, as opposed to concurrent sentences.'" 791 N.W.2d at 838 (citing *State v. Uthe,* 542 N.W.2d 810, 816 (Iowa 1996)). In *Hennings* not a single word or sentence directly expressed why consecutive sentences were imposed.

While we agree with Goodwin's contention that the district court provided no explicit connection between its sentencing plan as a whole and its decision to impose the consecutive sentence, we can discern no difference between these facts and the facts in *Hennings.* The court gave a thorough explanation of all the

factors it considered in making its decision. We can only conclude the court's reasoning is apparent from the overall sentencing rationale.[1] *See id.*

Thus, we find the district court did not abuse its discretion in imposing consecutive sentences, and we affirm.

**AFFIRMED.**

---

[1] *See State v. Scott,* 12–1531, 2013 WL 2146226, at *2 (Iowa Ct. App. May 15, 2013) (Danilson, J., concurring specially).