# IN THE COURT OF APPEALS OF IOWA

No. 14-0794
Filed March 11, 2015

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**BERNARD JAMAL WARE,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Cerro Gordo County, Karen R. Salic, District Associate Judge.


　　　　Bernard Jamal Ware appeals his criminal convictions and contempt findings. **WRIT ANNULLED; AFFIRMED.**


　　　　Mark C. Smith, State Appellate Defender, and Robert P Ranschau, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, Carlyle Dalen, County Attorney, and R. Blake Norman, Assistant County Attorney, for appellee.


　　　　Considered by Vaitheswaran, P.J., Mullins, J., and Mahan, S.J.*

　　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, S.J.**

Bernard Jamal Ware appeals the judgment imposed on his criminal convictions and contempt findings.[1]  Because appeal cannot be taken from a contempt punishment, Ware requests we consider the portion of this appeal concerning the contempt findings a certiorari action.  *See* Iowa Code § 665.11 (2013).

Ware contends the district court abused its discretion by imposing consecutive prison and jail terms rather than suspending judgment as the prosecutor and presentence investigation report recommended.  In imposing judgment, the district court must determine how to best provide for the defendant's rehabilitation and the community's protection.  *State v. Knight*, 701 N.W.2d 83, 86 (Iowa 2005).  In making this determination, it considers the nature of the offense; attending circumstances; and defendant's age, character, propensities, and chances of reform.  *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006).  The court must state its reasoning on the record to demonstrate it exercised discretion.  *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996).  The court abuses its discretion only when it acts on grounds clearly untenable or to an extent clearly unreasonable.  *Id.*

In imposing judgment, the court listed the factors it considered, including Ware's age, prior criminal history, family, and employment.  It cited the "very

---

[1] Ware pled guilty to willful injury, solicitation of an aggravated misdemeanor, and domestic abuse assault, second offense.  He was sentenced to consecutive prison terms of five years, two years, and one year, respectively.  Ware also stipulated to eight alleged violations of a no-contact order issued in the domestic abuse assault case and was found in contempt.  He was ordered to serve 180 days in jail for each violation, with the jail terms to run consecutively to each other and to the prison sentences.

serious" nature of the offenses Ware had committed, two of which involved acts of violence, and found the eight violations of the no-contact order "show a demonstrated inability to follow the simplest of rules." The court also noted the solicitation charge involved "try[ing] to tamper with the witness in one of [the] cases, which . . . not only demonstrates [Ware's] lack of respect for [the] system, but also for the victim of that case and for the process." The court then referred to Ware's numerous convictions for interference with official acts, three prior contempt findings, and domestic-abuse-assault and theft convictions before exercising its discretion to impose the sentences and punishment for contempt.

Ware also contends there is insufficient evidence to support the finding because although he stipulated to eight violations of the no-contact order, there is no evidence to show he willfully violated it. *See Opat v. Ludeking*, 666 N.W.2d 597, 607 (Iowa 2003) (noting a contempt finding requires proof beyond a reasonable doubt that an individual willfully violated a court order or decree). Willfulness is established if there is proof of intentional and deliberate conduct undertaken contrary to a known duty. *Id.* at 607-08.

Substantial evidence shows Ware willfully violated the no-contact order. The order states it "shall remain in effect until modified or terminated by further written order of the court, until the case is dismissed, or until sentencing." Although Ware claims the protected party told him the no-contact order was "over," he admitted he failed to investigate its status, evidencing a disregard for a known duty. Accordingly, we affirm Ware's sentence and the punishment for contempt, and annul the writ challenging the contempt findings.

**WRIT ANNULLED; AFFIRMED.**