## IN THE COURT OF APPEALS OF IOWA

No. 15-0988
Filed March 23, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**OSCAR ANTONIO PENA, a/k/a ARTURO GONZALEZ,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Louisa County, Cynthia H. Danielson, Judge.

A defendant appeals his sentences for carrying weapons, in violation of Iowa Code section 724.4(1) (1999), and reckless use of a firearm, in violation of Iowa Code section 724.30(3). **SENTENCES AFFIRMED IN PART AND VACATED IN PART.**

Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Pursuant to a plea agreement, Oscar Pena pleaded guilty to carrying weapons, in violation of Iowa Code section 724.4(1) (1999), and reckless use of a firearm, in violation of Iowa Code section 724.30(3). The district court sentenced him to an indeterminate term of incarceration not to exceed two years for each count, said sentences to run consecutive to each other, and imposed a $125 law enforcement initiative surcharge for each count. The district court suspended the prison sentences and placed the defendant on supervised probation for two years. In exchange for his guilty plea, the State agreed to dismiss two other charges pending against Pena. Pena timely filed this appeal, challenging his sentences.

Pena first challenges the imposition of the $125 law enforcement initiative surcharge for each count. Iowa Code section 911.3 authorizes the surcharge only for specifically enumerated criminal violations. The convictions at issue are not specifically enumerated in the statute. The State concedes the error. Accordingly, we vacate that part of Pena's sentences. *See State v. Rodriguez*, 804 N.W.2d 844, 854 (Iowa 2011) (vacating portion of sentence imposing unauthorized law enforcement initiative surcharge).

Pena also contends the district court abused its discretion by ordering Pena to pay fines, court costs, and attorney fees. "Sentencing decisions of the district court are cloaked with a strong presumption in their favor." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). Where the defendant does not assert the "sentence is outside statutory limits, the sentence will be set aside only for an abuse of discretion." *See id.* "An abuse of discretion is found only when

the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* The defendant bears a heavy burden in establishing the district court abused its sentencing discretion. Pena has not met his burden; his mere disagreement with the sentence imposed, without more, is insufficient to establish an abuse of discretion. The district court's sentencing decision was neither untenable nor unreasonable.

**SENTENCES AFFIRMED IN PART AND VACATED IN PART.**