# IN THE COURT OF APPEALS OF IOWA

No. 15-0357
Filed April 6, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TRACEY LEON MORGAN JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Joel W. Barrows,

Judge.


        A defendant challenges his suspended sentence after pleading guilty to

possession with intent to deliver marijuana and failure to affix a tax stamp.

**AFFIRMED.**


        Lauren M. Phelps, Davenport, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.


        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

Tracey Leon Morgan Jr. appeals the judgment entered on his guilty pleas to two felonies: possession with intent to deliver marijuana and failure to affix a drug tax stamp. Specifically, he argues the district court abused its discretion in denying his request for a deferred judgment. Because the record shows the court properly exercised its discretion, we affirm.

## I. Background Facts and Proceedings

Twenty-nine-year-old Morgan was arrested in April 2014 on the felony charges at issue. He posted bond and, thereafter, was arrested three more times for minor offenses, two of which resulted in fines.[1] In the plea agreement, the State promised to "recommend against incarceration recognizing the court may grant a deferred judgment. Should the court impose a prison sentence, the State will recommend concurrent sentences."

On December 10, 2014, the court accepted Morgan's pleas and ordered a presentence investigation (PSI) report.[2] The PSI recommended supervised probation, stating:

> Upon reviewing [Morgan's] lengthy criminal history, it appears that when placed on unsupervised probation in the past five years that he has successfully discharged each probation. Therefore, there is a reasonable chance [Morgan] may be successful on a term of supervised probation and such an opportunity should be afforded to him so long as he absolutely abstains from drugs and alcohol and ceases all criminal activities.

At the September 2015 sentencing hearing, defense counsel acknowledged Morgan had a "fairly lengthy criminal history, although no prior

---

[1] A third misdemeanor charge was still pending at the time of sentencing.
[2] The PSI noted Morgan was "not allowed to return to the marital home" because of a January 21, 2015 no-contact order based on an allegation of domestic abuse.

felony convictions and nothing that would automatically disqualify him for a deferred judgment." Counsel stressed Morgan had always "complied with the terms" of his prior unsupervised probations and had "never been unsuccessfully discharged." Counsel noted the PSI's statement that Morgan's past successes indicated, if given supervised probation, he had good chance of successfully completing it. Counsel pointed to Morgan's continued employment, progress toward obtaining his GED, and initiative in contacting a treatment program concerning his drug abuse. Counsel asked the court to defer judgment, noting Morgan was not opposed to a lengthy period of probation, he had "gotten his life on the right track," and a felony conviction would adversely affect future job searches and "set this young man up for failure."

The court stated it understood defense counsel's arguments but also expressed its concern that Morgan "continues to reoffend," explaining, "I have sent people to prison with records like this." Morgan told the court he was ready and willing to change—as "soon as I caught that case in April, I went out and got a job." Morgan also stated he had been "going straight," he was married, and he was taking care of his children. Morgan asked for a chance at probation, stating he recognized that "if I do mess up, which I doubt, I only got me to blame."

The court imposed judgment on both counts, ordering Morgan to serve indeterminate five-year sentences and pay fines on each count, with the sentences run concurrently. The court then suspended the sentences of incarceration and placed Morgan on supervised probation for three years. Probation conditions included Morgan's payment of "all the costs of this action" and his undergoing a substance-abuse evaluation and following recommended

treatment. The court recognized Morgan had "already taken steps in that direction." Also as a condition of probation, the court directed Morgan to "abstain from controlled substances and alcohol" and to "submit to random urinalysis testing." The court also ordered that Morgan maintain employment and complete his GED as conditions of probation. The court set a schedule for Morgan's payment of attorney fees. The court explained its reasons for the sentence:

> [W]hen I came in here today, looking at your PSI and your criminal history . . . my thoughts were prison or suspended sentence with RCF. Upon close reading of the PSI and hearing the comments of [defense counsel], I'm going to give you the chance for a suspended sentence and probation. But as indicated, you know, it is up to you.
> . . . .
> The reasons for your sentence—your age, obviously your criminal history, your reform and rehabilitation, and recommendation of the PSI author, as well as the comments of counsel here.

Morgan now appeals.

## II.     Scope and Standards of Review

We review Morgan's challenge to his sentence for an abuse of discretion; any abuse of discretion necessarily results in legal error. *See State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006). "An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

## III.     Analysis

Morgan acknowledges his sentences comply with the plea agreement and are within statutory guidelines, and the court stated reasons for the sentences on the record. Nevertheless, Morgan contends the court abused its discretion in

failing to state its reasons for *not* granting a deferred judgment when his counsel advanced many grounds in support of deferring judgment at the sentencing hearing. We reject Morgan's contention. "Generally, a sentencing court is not required to give its reasons for rejecting particular sentencing options." *State v. Loyd*, 530 N.W.2d 708, 713–14 (Iowa 1995); *accord State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996).

Morgan also contends the court improperly focused on his prior misdemeanor offenses and the amount of marijuana involved (42.5 grams) and did not give sufficient weight to his (1) cooperation with authorities, (2) lengthy employment history, (3) support of his wife and children, and (4) incentive to successfully complete a probationary period to avoid felony convictions.

A sentencing court must examine "all pertinent information" and then determine an authorized sentence providing the "maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5 (2013). Additionally, before deferring judgment or suspending sentence, the court must consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors. *Formano*, 638 N.W.2d at 725.

During the sentencing hearing, the court did not mention the amount of marijuana Morgan possessed. The court imposed sentences within the statutory limit. Thus, the sentences are "cloaked with a strong presumption in [their] favor." *Formaro*, 638 N.W.2d at 724. The court considered the mitigating factors cited by Morgan and defense counsel, and in light of the totality of

circumstances, reasonably entered judgment. The court explained its initial impression was that prison would be appropriate. But the court instead decided to suspend the sentences with probation based on defense counsel's persuasive statements, as well as Morgan's age, criminal history, and prospects for reform and rehabilitation, and the PSI recommendation. We do not find the imposition of judgment to be clearly unreasonable or based upon untenable grounds. Rather, the sentences imposed were a sound exercise of the court's discretion. *See id.* at 725 (stating a court's "task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds"). Accordingly, we affirm.

**AFFIRMED.**