# IN THE COURT OF APPEALS OF IOWA

No. 16-0233
Filed September 14, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DEONTA L. MOORE,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Johnson County, Paul D. Miller,
Judge.


Deonta Moore appeals the sentence imposed following his guilty plea.
**AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Robert P. Ranschau,
Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney
General, for appellee.


Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**MCDONALD, Judge.**

Deonta Moore pleaded guilty to burglary in the second degree, in violation of Iowa Code sections 703.1, 713.1, and 713.5(1)(b) (2015), and was sentenced to an indeterminate term of incarceration not to exceed ten years. He challenges his guilty plea and sentence on appeal.

Moore contends his plea was not knowing and voluntary because the district court failed to advise him of the minimum fine. Moore did not file a motion in arrest of judgment in the district court, which precludes his "right to assert such challenge on appeal." Iowa R. Crim. P. 2.24(3)(a). To avoid this bar, Moore raises his claim as an ineffective-assistance-of-counsel claim. To prevail on this claim, Moore must prove his counsel breached an essential duty and constitutional prejudice resulted. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Moore acknowledges Iowa has rejected the "per se prejudice rule." *See id.* at 137–38. Instead, to establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Id.* at 138. Moore does not even contend that he would have insisted on going to trial if he had been told of the minimum fine, and we conclude such an argument is implausible on its face given the substantial concessions Moore obtained by pleading guilty.

Moore argues the district court abused its discretion in not granting him a deferred judgment. "Sentencing decisions of the district court are cloaked with a strong presumption in their favor." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). Where the defendant does not assert the "sentence is outside statutory

limits, the sentence will be set aside only for an abuse of discretion." *Id.* "An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* The defendant bears a heavy burden in establishing the district court abused its sentencing discretion. Other than mere disagreement with the sentencing court's decision, Moore does not identify the alleged abuse of discretion. We find none. The district court recognized it had the discretion to select among several sentencing options, considered only relevant factors in imposing sentencing, and did not consider any impermissible factors in imposing sentence. We affirm Moore's sentence. *See, e.g.*, *State v. Childs*, No. 14-1950, 2016 WL 1130283, at *1 (Iowa Ct. App. Mar. 23, 2016) (affirming challenge to sentence where defendant merely disagreed with the sentence); *State v. Pena,* No. 15-0988, 2016 WL 1133807, at *1 (Iowa Ct. App. Mar. 23, 2016) (stating "mere disagreement with the sentence imposed, without more, is insufficient to establish an abuse of discretion").

**AFFIRMED.**