# IN THE COURT OF APPEALS OF IOWA

No. 16-2108
Filed January 10, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KEITH L. MARCH,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mary E. Howes, Judge.

The defendant appeals the sentences imposed on his convictions for operating while under the influence and driving while barred.  **AFFIRMED.**

Eric D. Tindal of Keegan, Farnsworth & Tindal, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., McDonald, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**GOODHUE, Senior Judge.**

Keith L. March pled guilty to operating while under the influence, third offense, and driving while barred as an habitual offender. He was sentenced to five years on the operating-while-under-the-influence conviction and two years on the driving-while-barred conviction. The sentences were ordered to be served concurrently. March appeals the sentences.

## I. Background Facts and Circumstances

March's appeal is only as to the sentences the court imposed. He maintains the trial court did not set forth reasons for imposing a two-year sentence for driving while barred. He also claims that although the trial court said he would be incarcerated under the Operating While Under the Influence Continuum Program (Continuum Program), the written sentencing order does not reflect he was to be placed in the Continuum Program.

## II. Preservation of Error

The ordinary rules of error preservation do not apply when a challenge is to an error in sentencing. *State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010).

## III. Scope of Review

Sentences are reviewed for corrections of errors at law. Iowa R. App. P. 6.907.

## IV. Discussion

Sentencing decisions of the trial court are cloaked with a strong presumption that they are appropriate. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). In review of the sentence, if it is found to be within the statutory limits, it will be set aside only for an abuse of discretion. *Id.* Abuse of discretion requires

that the sentence must be clearly untenable or unreasonable for it to be set aside or modified. *Id.*

March's initial claim is that the court did not give sufficient reasons for sentencing him to two years on the driving-while-barred-as-an-habitual-offender conviction and not granting probation. A sentencing court is obligated to state on the record its reasons for a particular sentence. Iowa R. Crim. P. 2.23(3)(d). The reasons may be terse and succinct so long as they are adequate to allow the reviewing court to determine whether the sentencing court exercised its discretion in imposing the sentence. *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015).

The trial court made rather extensive comments about March's driving record, which included two previous convictions for driving while intoxicated, third offense, and the apparently unsuccessful treatment March had received. The court mentioned March's needs and the safety of the public. Granted, the comments also related to the driving-while-intoxicated charge, but the two charges were so related and intertwined it is difficult to separate them. Both are driving charges, and both involve safety to the public. The reasons stated were applicable to both convictions. The sentencing court set out its reasons and did not abuse its discretion.

March also contends that although the court orally discussed the Continuum Program in discussing the sentence, the sentencing order did not place him in the Continuum Program. Placement in the Continuum Program is the function and discretion of the Iowa Department of Corrections and does not require a special court order. *See* Iowa Code § 904.513 (2015). "Because the Iowa Department of Corrections is assigned the task of developing criteria for the assignment of

offenders to a facility, we conclude the department is given the responsibility to choose the appropriate facility." *State v. Kapell*, 510 N.W.2d 878, 880 (Iowa 1994). The Iowa Department of Corrections is also required to adopt rules for the implementation of the Continuum Program. *See* Iowa Code § 904.513(3). This duty would necessarily include cases where a defendant is convicted of an independent crime requiring incarceration of more than one year to be served concurrently with the operating-while-intoxicated conviction. How the two sentences function together is within the province of the Iowa Department of Corrections and is not the responsibility or function of the sentencing court. We find no error in the sentencing.

**AFFIRMED.**