# IN THE COURT OF APPEALS OF IOWA

No. 21-1923
Filed June 29, 2022

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JUSTIN PAUL PARKER,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Adams County, Dustria A. Relph, Judge.

Justin Parker appeals the sentence imposed upon his criminal conviction. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Badding, JJ.

**BADDING, Judge.**

Justin Parker entered a written guilty plea to third-degree burglary. At his sentencing hearing, Parker told the district court: "I'm sorry for what I've done, . . . I've got a substance abuse problem, and I need to get it addressed. I'm trying to get into [a residential treatment facility] right now to try and help myself get over it. [Methamphetamine's] a hell of a drug."[1]

Pursuant to the plea agreement, the parties jointly recommended a suspended prison sentence, two years of probation, and a minimum fine. But the court decided to impose an indeterminate term of imprisonment not to exceed five years, reasoning:

> [T]he Court has a couple different options available to it. It could be probation as you've requested, or a prison sentence in this case. And in determining what I believe is the most appropriate sentence I have considered a variety of factors. Those would include your age. If I've calculated right, you are now 40 years old. I have considered your prior criminal history which is extensive and contains, as the PSI says it involves assaultive substance abuse related theft and burglary convictions. I've considered your family circumstances. I note that you do have two children who are now teenagers. I've considered your employment circumstances and the fact that you have been out of prison since 2018, but have apparently chosen not to work despite having skills as a heavy equipment operator. And

---

[1] The presentence investigation report (PSI), which defense counsel did not raise any objections to, provided the court with more information about Parker's methamphetamine use. Parker told the probation officer who prepared the report that he has used the substance for almost twenty years, with daily intravenous use for about a year leading to his arrest for the burglary charge. The report noted, "He was also actively using methamphetamine when interviewed for this report indicating that he had used the day of the interview." And Parker said that he was under the influence of methamphetamine when he committed the burglary. The report observed that Parker's use has continued despite his participation "in numerous inpatient and outpatient substance abuse programs." Parker's extensive criminal history, dating back to 1999, was also chronicled in the report.

the PSI indicates you decided not to work because your wages were being garnished for child support and court fines. . . .[2]

. . . .

I've considered your potential for rehabilitation and whether the community needs protection from further offenses. And to that factor I did note that this offense was committed while you were on supervised probation. And since this offense was committed you have been convicted of two other offenses, including another theft charge and operating while intoxicated, second offense.

And in addition to those cases there are two other criminal cases pending which I specifically have not taken into account in this case because there are no convictions in those. But you have been convicted of two additional offenses since this one was committed. I understand that there is a plea agreement, that the state agreed to recommend probation, supervised probation, but the Court was not bound to accept that plea agreement . . . .

I just don't think this is an appropriate case, an appropriate time to grant probation. I think that it is unwarranted because of the need to protect the public from further criminal activity on your behalf and because you are in need of corrective assistance which can be most effectively provided by confinement. Specifically you say you've been trying to get into substance abuse treatment and haven't had any luck. And the PSI also indicates that you could perhaps benefit from a mental health evaluation as well. And those are both services that you could receive while you're in a corrective system.

Based on those considerations, the court sentenced Parker to an indeterminate term of imprisonment not to exceed five years.

Parker appeals,[3] arguing that because the sentence sought to address his addiction to methamphetamine and force a mental-health evaluation, the court abused its discretion by considering improper sentencing factors. He acknowledges that rehabilitation is a "legitimate penological justification," but he submits that "imprisonment is not an appropriate means for promoting correction

---

[2] At this point, Parker explained he recently "started up a business selling stuff on eBay." He also explained he likes working and did not forgo employment because of child support.

[3] The State concedes Parker has "good cause" to appeal because he is challenging the sentence imposed instead of his guilty plea. *See* Iowa Code § 814.6(1)(a)(3) (2020); *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020).

and rehabilitation, [so] it cannot be imposed for that reason." Instead, Parker asserts rehabilitation is best served by probation.

When a defendant's sentence is within the statutory limitations, we review the district court's decision for an abuse of discretion. *State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017). We will reverse the sentence only if the court abused its discretion or considered improper sentencing factors. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). To establish an abuse of discretion, "the defendant must demonstrate the court's sentencing decision was based on clearly untenable grounds or reasons, or the court exercised its discretion to an extent clearly unreasonable." *State v. Adams*, 554 N.W.2d 686, 693 (Iowa 1996). The sentence imposed by the district court is "cloaked with a strong presumption in" its favor. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996).

We find no support for Parker's claim that rehabilitation is incompatible with prison. He is correct that, in choosing among the available sentencing options, "the court's objective is to provide the defendant with the maximum opportunity for rehabilitation and to protect the community from further offenses by the defendant or others." *State v. Wessel*, No. 20-0638, 2021 WL 1904576, at *1 (Iowa Ct. App. May 12, 2021); *accord* Iowa Code §§ 901.5, 907.5(1). Those options include a sentence of confinement or a suspended sentence with probation. *See* Iowa Code § 901.5. One of the factors the court must consider in examining whether a suspended sentence is appropriate is the defendant's "mental health and substance abuse history and *treatment options available in the community and the correctional system.*" *Id.* § 907.5(1)(e) (emphasis added). So in looking at the treatment options available to Parker in the correctional system, the court did not

consider an impermissible factor. And to the extent that Parker complains the court did not consider community treatment options, the court was not presented with any information about what options would be available.

What the record does show is that Parker has been wholly unsuccessful in addressing his substance-abuse and mental-health issues in the community despite multiple interventions. *See State v. Flournoy*, No. 21-0903, 2022 WL 610452, at *2–3 (Iowa Ct. App. Mar. 2, 2022) (concluding the district court did not abuse its discretion in sentencing defendant to prison when the court noted defendant "was not previously successful on probation" and considered his ability to "rehabilitate with the programming" in prison). Parker committed the burglary while high on methamphetamine and while on supervised probation. While awaiting sentencing, he was convicted of two other charges—one of which was operating while intoxicated. With this record, we agree that incarceration was the best sentence to maximize Parker's rehabilitation and protect the community. *See State v. Egdorf*, No. 20-0554, 2021 WL 4592705, at *2 (Iowa Ct. App. Oct. 6, 2021) (agreeing with the district court that defendant "would benefit from incarceration to improve his opportunities for rehabilitation").

On our review, we conclude Parker has not established the sentence imposed was based on improper factors or otherwise amounts to an abuse of discretion. We therefore affirm the sentence imposed.

**AFFIRMED.**