**IN THE COURT OF APPEALS OF IOWA**

No. 22-1932
Filed November 8, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMIE GUMM,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Greene County, Adria Kester, Judge.

Jamie Gumm appeals his sentences for possession of less than five grams of methamphetamine with intent to deliver and driving while barred. **AFFIRMED.**

Eric W. Manning of Manning Law Office, P.L.L.C., Urbandale, for appellant.

Brenna Bird, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

Considered by Bower, C.J., Greer, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**BOWER, Chief Judge.**

Jamie Gumm appeals his sentences for possession of less than five grams of methamphetamine with intent to deliver and driving while barred. Upon review, we affirm.

**I.    Background Facts and Proceedings**

Pursuant to a plea agreement, Gumm pleaded guilty to possession of less than five grams of methamphetamine with intent to deliver, in violation of Iowa Code section 124.401(1)(c) (2022). On the same day, Gumm also pleaded guilty to driving while barred, in violation of section 321.561. The district court sentenced him to an indeterminate term of imprisonment not to exceed ten years for his methamphetamine conviction and an indeterminate term of imprisonment not to exceed two years for his driving conviction, and it ordered the sentences to be served concurrently. In exchange for his guilty plea to the drug charge, the State agreed to dismiss an ongoing criminal conduct charge. Gumm appealed, challenging his sentences. Gumm claims because the presentence investigation report (PSI) recommended probation, the district court abused its discretion in imposing his sentence and his sentences are grossly disproportionate.

**II.    Standard of Review**

We review a district court's sentencing decisions for an abuse of discretion. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). The legality of a sentence is reviewed for corrections of error at law. *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006); *see also* Iowa R. App. P. 6.907. When the defendant mounts a constitutional challenge to an allegedly illegal sentence, the standard of review is

de novo. *State v. Oliver*, 812 N.W.2d 636, 639 (Iowa 2012); *State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009).

### III. Abuse of Discretion

Gumm first asserts the district court abused its discretion in ordering a prison term for each of his convictions, rather than sentencing him to "probation with some drug treatment." "Sentencing decisions of the district court are cloaked with a strong presumption in their favor." *Thomas*, 547 N.W.2d at 225. Where a defendant fails to assert an imposed sentence is outside statutory limits, the sentence will only be set aside in the case of an abuse of discretion. *See id.* "An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.*

Gumm bears a heavy burden in establishing the district court abused its sentencing discretion, and he fails to meet that burden here. In imposing sentence, the court noted the nature of the offenses, Gumm's family circumstances, his "long history" of substance abuse, his "very significant" criminal history, and his "lack of education or employment." The court observed "several attempts at rehabilitation" had been provided to Gumm in the past, including financial obligations, probation, and placement in a residential correctional facility. The court determined "those efforts have not resulted in protecting the community because [Gumm] continued to commit other offenses either while on probation or while this charge in the [felony] case was pending." After considering the available sentencing options, the court imposed the sentences it felt best addressed Gumm's situation. The sentences are within the boundaries permitted by statute. Gumm's mere

disagreement with the sentences imposed, without more, is insufficient to establish abuse of discretion by the district court.

## IV.    Cruel and Unusual: Gross Disproportionality

Gumm asserts that his sentences are grossly disproportionate to his crimes. In determining whether a sentence is grossly disproportionate, Iowa courts apply the test laid out by the United States Supreme Court in *Solem v. Helm*, 463 U.S. 277, 290–92 (1983). This three-step test analyzes: (i) the gravity of the offense as weighed against the harshness of the penalty imposed; (ii) sentences imposed in Iowa for similar crimes; and (iii) sentences imposed in other jurisdictions for the same crime. *Solem*, 463 U.S. at 290–92. The first step in this analysis is referred to as the threshold test. *See, e.g., Bruegger*, 773 N.W.2d at 873. "If, and only if, the threshold test is satisfied, a court then proceeds to steps two and three of the analysis." *Oliver*, 812 N.W.2d at 647.

Gumm fails to satisfy the threshold test. Although the PSI in this case recommended probation, the district court was not required to follow its recommendation. The district court's only duty is to issue a penalty within the bounds prescribed by the legislature. The sentences imposed here are within the statutory limits. Gumm is a recidivist offender with an extensive criminal history. He has been afforded numerous opportunities to engage in community-based rehabilitation, and these efforts have all been for naught.

Gumm's sentences are not grossly disproportionate, and the district court did not abuse its discretion. Accordingly, we affirm.

**AFFIRMED.**