# IN THE COURT OF APPEALS OF IOWA

No. 15-0150
Filed November 12, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**NIGEL WAYNE GRAVES,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.

A defendant appeals the prison sentence imposed following his guilty plea to forgery. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Sheryl A. Soich, Assistant Attorneys General, for appellee.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**TABOR, Judge.**

Nigel Graves appeals the indeterminate five-year prison term imposed following his guilty plea to forgery. He claims the district court should have suspended his sentence and placed him on probation to obtain mental health services. Because we find the court did not abuse its discretion in sentencing Graves to incarceration, we affirm.

The forgery charge resulted from Graves's attempt to cash a $400 check that belonged to another person, without permission, at Bank Iowa in Newton on September 9, 2014. The State filed a trial information on September 24, 2014, alleging Graves violated Iowa Code section 715A.2(1), .2(1)(c), and .2(2)(a) (2013). Graves entered a guilty plea on November 5, 2014, admitting he endorsed the forged check. The State informed the court at the plea hearing that it would make a sentencing recommendation consistent with the presentence investigation (PSI) report, if one was ordered. The court ordered a PSI and directed Graves to cooperate with the preparer.

The PSI report detailed Graves's long history of both serious mental illness and criminality. The report noted Graves had been sentenced to prison three times—with his last release in September 2011. The report also noted Graves had "previously been granted probation on four occasions and has been unsuccessful in every attempt." The report recommended incarceration. More specifically, the report urged "the defendant be placed into the custody of the Director of the Iowa Department of Corrections [DOC] in the facility best suited for offenders with severe mental health issues."

At the sentencing hearing on January 14, 2015, the State pointed to Graves's "quite lengthy criminal history" and asked the district court to follow the PSI report's sentencing recommendation of incarceration.

On the defense side, counsel agreed his client, who was thirty-four years old, was "a familiar person to the court." Counsel asserted Graves's mental health problems were "typically the generators that bring him before the court." Counsel highlighted the passage in the PSI asking for the DOC to place Graves in the best facility for an offender needing mental health treatment but expressed doubt about the availability of such programming. Counsel relayed his client's wish to be placed in a mental health institute but acknowledged the court did not have the "power to direct somebody to a specific mental health institute." Counsel continued: "There is a need for mental health services among all the members of the prison population, and Mr. Graves is a good example of that." Counsel told the court there was "a certain logic to just placing him on probation with those kind of services, because it would be cheaper for society." Then Graves personally addressed the court, saying he believed a mental health institute would benefit him more than prison.

The court imposed a sentence of incarceration not to exceed five years, explaining its decision as follows:

> The Court is certainly aware of—of the statistics of the number of people that are in prison that allegedly have mental health issues, as well as the fact that for people with mental health issues, there may be a more effective treatment someplace else. The purpose of prison is more for punishment and hopefully rehabilitation for the criminal act of it rather than for the rehabilitation on the mental health side of it, and that's certainly unfortunate for someone who shows both mental health issues as well as criminal behavior. But

as [defense counsel] said, this Court at this time doesn't have the authority to just place you at a mental health institute.

The court addressed the downside to leaving the burden of obtaining mental health treatment on Graves's shoulders:

The unfortunate thing, Mr. Graves, is that when you are not incarcerated, the responsibility for seeking mental health counseling or following through with mental health counseling falls on you. And when you're out, if you can't take the steps to address that, then it's a little difficult for the Court to fashion a punishment that may benefit you now, but you only want it now when you're facing the prospect of prison.

The court then focused on Graves's history of failed probation:

Given the fact that, at least according to the Presentence Investigation Report, you've been on probation four times and been successful—unsuccessful four times, the Court does not believe that probation is appropriate at this time either. The Court is certainly hopeful that you'll get at least sufficient mental health services while you're in prison, and if you're either released on parole or discharged, that once you're out, you'll be able to find the services that will assist you with your mental health needs.

Graves now appeals, challenging only the sentence imposed.

We review sentencing decisions for an abuse of discretion. *State v. Knight*, 701 N.W.2d 83, 85–86 (Iowa 2005). An appellate court will find such abuse only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996).

Graves argues the court abused its discretion by not granting probation. Graves contends the court should have suspended his sentence on the condition he "seek and obtain" voluntary or involuntary hospitalization for persons with mental illness under Iowa Code sections 229.2 or 229.6. Graves cites no

authority for a sentencing court to order civil commitment as a condition of granting probation. *See generally State v. Valin*, 724 N.W.2d 440, 446 (Iowa 2006) ("A condition is reasonable when it relates to the defendant's circumstances in a reasonable manner.").

We find no abuse of discretion in the district court's process of determining the appropriate sentence to address Graves's rehabilitation, as well as the protection of the community. *See* Iowa Code § 901.5; *see also State v. Formaro*, 638 N.W.2d 720, 724-25 (Iowa 2002). A sentencing court must weigh the nature of the offense and attending circumstances, the defendant's age, character and propensity and chances of reform. *Formaro*, 638 N.W.2d at 725. And before suspending sentence, the court must consider the defendant's prior record of convictions, employment status, family circumstances, and any other relevant factors from Iowa Code section 907.5. *Id.*

The district court acknowledged Graves's significant mental health issues. But the court also considered his long criminal history, stretching back decades. The court took special note of Graves's previous unsuccessful probationary sentences. The court was "hopeful" that Graves could obtain "sufficient mental health services" while in prison. It was not an abuse of discretion for the court to place greater weight on Graves's poor chance of reform while on probation. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) (holding "right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard").

**AFFIRMED.**