# IN THE COURT OF APPEALS OF IOWA

No. 15-0775
Filed March 9, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**SIMON LUAL ONAK,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Gregory D. Brandt, District Associate Judge.

A defendant challenges his prison sentence after pleading guilty to third-offense operating while intoxicated. **AFFIRMED**.

Molly E. Alley of Oliver Gravett Law Firm, P.C., Windsor Heights, for appellant.

Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

Simon Onak challenges his indeterminate five-year prison sentence for third-offense operating while intoxicated (OWI). Onak complains the district court abused its discretion by "focusing almost exclusively" on his delay in seeking substance abuse treatment and by failing to credit mitigating factors such as his family history and mental-health issues. Because the court properly weighed the relevant factors in choosing a sentencing option aimed at both protecting the community and rehabilitating Onak, we affirm.

Onak was on probation for an OWI second offense when he drove with a blood alcohol content of .114 and rear-ended another vehicle on Southeast Fourteenth Street in Des Moines. Onak opted to plead guilty. At the plea hearing, his attorney described the agreement with the State as "plead and argue"—though in exchange for Onak's admission of guilt, the county attorney promised to recommend the probation violation run "concurrently to whatever sentence he may get." The presentence investigation (PSI) report recommended commitment to the custody of the Iowa Department of Corrections (DOC) with placement to be determined after sentencing. The PSI reported Onak was eligible for placement at a residential OWI facility.

At sentencing, the State recommended incarceration not to exceed five years, concurrent with the probation violation. Onak asked for a forty-eight-day sentence, with credit for the forty-four days he had already served in the county jail, and five years of probation. The district court rejected Onak's request for probation and imposed a term of incarceration not to exceed five years with credit for time served, leaving the appropriate place of confinement to the DOC's

determination. The court ordered the sentence for OWI third to be run concurrent to the sentence imposed in his OWI second probation revocation.

In giving its reasons for incarceration, the court paid particular attention to Onak's history of substance abuse leading to criminal offenses, dating back to a 2001 conviction for public intoxication. Onak also had a conviction for driving under the influence in 2002 in Colorado and an OWI second conviction in 2013 in Iowa. Against that backdrop, the court was skeptical of Onak's very recent embrace of substance abuse treatment: "I cannot endanger the welfare and safety of the public while you profess after ten days that you're ready to change your life after all that you've done up to this point in time, even on probation knowing you're not supposed to drink, and you continue to do so." The court told Onak it was in the "best interest of the public to make them safe from your continued actions until such time as you actually have your substance abuse issues under control."

In a written OWI sentencing order, the court checked boxes to designate the factors that it found most significant to determining Onak's sentence, namely: nature and circumstances of the offense, protection of the public from further offenses, criminal history, substance abuse history, propensity for further criminal acts, and maximum opportunity for rehabilitation. The court also added the following reason: "Defendant was on probation for an OWI second offense when he was arrested on this charge."

On appeal, Onak contends the district court abused its discretion in sentencing him to prison. An appellate court will find such an abuse only when the sentencing court exercises its discretion on grounds or for reasons clearly

untenable or to an extent clearly unreasonable. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). Ultimately, we review a defendant's sentence for the correction of legal error. *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006).

We find no abuse of discretion in the district court's process of determining the appropriate sentence to address Onak's rehabilitation, as well as the protection of the community. *See* Iowa Code § 901.5 (2013); *see also State v. Formaro*, 638 N.W.2d 720, 724–25 (Iowa 2002). A sentencing court must weigh the nature of the offense and attending circumstances, the defendant's age, character and propensity, and chances of reform. *Formaro,* 638 N.W.2d at 725. And before suspending sentence, the court must consider the defendant's prior record of convictions, employment status, family circumstances, and any other relevant factors in Iowa Code section 907.5. *Id.*

The district court listened to both parties discuss the PSI report, which addressed Onak's age of forty-five, his situation of caring for a disabled cousin, his own disability status related to severe back problems, his nearly twenty years living in the United States, and his diagnosis of post-traumatic stress disorder stemming from his childhood exposure to war crimes in his native Sudan. The district court acknowledged Onak's need for substance abuse treatment and opined that placement at a DOC facility for OWI offenders "would be the best treatment you could get at this particular point in time to try to deal with the issues you have." The court fulfilled its sentencing role in considering the gravity of the OWI offense and "the particular person affected" by the exercise of discretion. *See State v. Hopkins*, 860 N.W.2d 550, 555 (Iowa 2015).

It was not an abuse of discretion for the district court to place greater weight on the need to protect the public from Onak's propensity to drive while under the influence than on his belated commitment to outpatient substance abuse treatment.  *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) (holding "right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard").

**AFFIRMED.**