# IN THE COURT OF APPEALS OF IOWA

No. 18-0832
Filed April 3, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MATTHEW ALAN REYNOLDS,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Carla T. Schemmel, Judge.

The defendant challenges his sentence, arguing the district court should have granted him probation instead of sentencing him to a term of imprisonment. **AFFIRMED.**

Tabitha L. Turner of Turner Law Firm, PLLC, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**POTTERFIELD, Presiding Judge.**

Matthew Reynolds pled guilty to possession of a controlled substance with intent to deliver (marijuana), second or subsequent offense; failure to affix a drug tax stamp; and possession of a controlled substance (heroin), third offense. The district court ordered Reynolds to serve three concurrent sentences for a total term of incarceration not to exceed fifteen years. On appeal, Reynolds maintains the court abused its discretion by imposing a term of incarceration rather than granting his request for probation.

"Where, as here, a defendant does not assert that the imposed sentence is outside the statutory limits, the sentence will be set aside only for an abuse of discretion." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). To establish an abuse of discretion, "the defendant must demonstrate the court's sentencing decision was based on clearly untenable grounds or reasons, or the court exercised it discretion to an extent clearly unreasonable." *State v. Adams*, 554 N.W.2d 686, 693 (Iowa 1996). The sentence imposed by the district court is "cloaked with a strong presumption in" its favor. *Thomas*, 547 N.W.2d at 225.

Reynolds maintains the court abused its discretion because its decision to impose the long prison sentence rather than grant his request for probation "focuses more on the punishment factor than any rehabilitation or deterrence factor." The sentencing court is charged with determining the sentence that "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5 (2018). Additionally, "[i]n exercising discretion, the district court must 'weigh all pertinent matters in determining a proper sentence,

including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform.'" *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015) (citation omitted).

Here, the State urged the court to impose a term of incarceration, noting that according to Reynolds's admissions to the preparer of the presentence-investigation report, he continued to use opiates daily after his arrest in September 2017 until February 8, 2018. Reynolds missed his original plea date of February 5, claiming he was entering inpatient drug treatment, which he did not do on that date. He entered treatment on February 8 and was later discharged as unsuccessful. He did not complete a substance-abuse treatment program before sentencing on April 27, 2018. The State argued a prison term was the best option for Reynolds's rehabilitation as it would provide him "a long period of forced sobriety."

In pronouncing sentence, the court stated:

> Sir, this is a tragic case, there is no doubt about that, but I am required, sitting on this bench and deciding what the sentence should be, to consider not only what's good for you, good for your child, good for your family, but also what is most protective of individuals, citizens of the state of Iowa.
> This is not the first time you've been in here. This is not your first go-around with drug addiction—or addiction. And I find, looking at what you have attempted to do since your arrest, at least in my estimation, is insufficient to address the problems that you have.
> I want you sober, I want you not using, and I want you with your son, but I have a lot of other considerations.
> . . . .
> Sir, again, I tell you, I—if you would have gone into treatment last fall and been successful, you would have been a different person in here right now; you did not do that. And I can't change that and you can't change that. And if losing your son is what woke you up, that's still in place. And I urge you to go to prison to take— to make available anything you possibly can as far as addressing

your addiction. There are courses, there are classes in prison that you can take, you'll have to sign up for, to get yourself sober and back to the human being that's fully functioning and non-drug using and non-selling, that we hope.

You're going to have to do that. If not, your life is just going to be a downhill slide; you know that. There are people in the back of this room who care about you a very grave amount, who you've hurt a very grave amount. And not only your child, but the rest of your family that's true of. And nobody can do it, no one can do it except yourself. This is your chance to do that, and I urge you to do so, and I do truly wish you the best of luck and success.

Based on the record before us, the district court did not ignore its duty to impose the sentence it determined would provide Reynolds with the maximum opportunity for rehabilitation. Although the district court did not accept Reynolds's claims that he could be successful in achieving sobriety if granted probation, Reynolds has not established that the sentence imposed by the court was based "on grounds or for reasons clearly untenable," nor was its choice "clearly unreasonable" under the circumstances. *See State v. Bentley*, 757 N.W.2d 257, 262 (Iowa 2008) (providing standard for determining an abuse of discretion); *see also State v. Hopkins*, 860 N.W.2d 550, 555 (Iowa 2015) ("In the end, a court makes each sentencing decision on an individual basis and seeks to fit the particular person affected.").

We affirm the sentence imposed by the district court.

**AFFIRMED.**