# IN THE COURT OF APPEALS OF IOWA

No. 19-1056
Filed June 3, 2020


**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**NOELLE DIANE COSBY,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Lee (North) County, Michael J. Schilling, Judge.


A defendant challenges her sentence after pleading guilty to involuntary manslaughter and second-offense operating while intoxicated.  **AFFIRMED.**


Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.


Considered by Tabor, P.J., and May and Greer, JJ.

**TABOR, Presiding Judge.**

The sentencing court recognized its decision was a difficult one, subject to criticism that sending Noelle Cosby to prison would make "a really tragic situation even more tragic." Yet the court believed incarceration served the purposes of specific and general deterrence. Because the court properly exercised its discretion, we affirm the sentence.

The tragedy here followed what Cosby called her "horrible mistake" in deciding to drive home after consuming alcohol at a party in December 2017. She lost control of her Ford Explorer, left the roadway, overcorrected, and rolled several times. Emergency responders found her husband, Todd, ejected from the vehicle. He died as a result of his injuries. Blood drawn from Noelle at the hospital revealed an alcohol content over the legal limit of .08.

After the accident, the State charged Cosby with homicide by vehicle, a class "B" felony, and operating while intoxicated (OWI), second offense, an aggravated misdemeanor. The State later added involuntary manslaughter, a class "D" felony, as a third count. Cosby pleaded guilty to involuntary manslaughter and OWI second. In return, the State dismissed the homicide-by-vehicle count.

At the sentencing hearing, the State urged the district court to impose a suspended term, in line with the recommendation of the presentence investigation (PSI) report. The defense asked for a deferred judgment or at least probation. Defense counsel highlighted a letter from Todd's family seeking leniency for

Noelle. Cosby told the court she regretted her mistake and "definitely learned from it." The defense stressed she was employed and abstaining from alcohol use.[1]

Rejecting the parties' recommendations, the district court imposed a term of confinement not to exceed five years for involuntary manslaughter. The court ordered the two-year OWI sentence to run concurrently. Cosby now appeals, alleging the court abused its discretion.

If we follow a North Star of sentencing, it is that the district court's decision carries a "strong presumption" in its favor. *State v. Thomas*, 547 N.W.2d 223, 224 (Iowa 1996). If a sentence is within statutory limits and is constitutional, then we review for an abuse of discretion. *See State v. Moore*, 936 N.W.2d 436, 439 (Iowa 2019). We will find an abuse when the district court exercises its discretion on grounds that are "clearly untenable or to an extent clearly unreasonable." *Id.* A court's reason is untenable if the record lacks substantial evidence to support that sentence. *Id.* It is not our job to contemplate what sentence we would have imposed on Cosby; instead, we review whether the district court's sentence was reasonable. *See State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015) (citing *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002), for the proposition the "inherent latitude" in sentencing process properly limits our review).

On appeal, Cosby contends incarceration was not appropriate because "she accepted responsibility for her actions." Yet, simultaneously, she deflects blame, asserting "she had no intent to harm her husband and was only driving that

---

[1] Defense counsel noted Cosby was pregnant at the time of sentencing and expected to deliver the baby within a few weeks. The court delayed mittimus until after the baby was born.

night because he had asked her to drive." She argues the district court should have abided by the recommendation for probation in the PSI.

Her argument is unpersuasive. PSI recommendations do not bind sentencing courts. *State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019). The court properly exercised its discretion when it considered all the options but ordered Cosby to serve a term of confinement.

Why confinement? The court found the offense "extremely serious" especially given Cosby's prior OWI in 2013. The court expressed its intent to "send a message" to Cosby that she "can't drink and drive" and must "be held accountable for what happened." The court likewise wanted to "send a message to everybody else out there who might be tempted to drink and drive." The court's consideration of deterrence falls within its mandate to impose a sentence that "protect[s] . . . the community from further offenses by the defendant and others." *See* Iowa Code § 901.5 (2016); *State v. Horak*, No. 16-1697, 2017 WL 4324791, at *2 (Iowa Ct. App. Sept. 27, 2017). That emphasis on deterrence is a "legitimate penological justification." *See State v. Oliver*, 812 N.W.2d 636, 646 (Iowa 2012). Our court has upheld a sentencing court's imposition of "a more severe consequence to stand as both a general and specific deterrence." *See State v. Villa*, No. 11-1134, 2012 WL 1247115, at *2 (Iowa Ct. App. Apr. 11, 2012).

While no doubt disappointing to Cosby, the district court rejection of more lenient sentencing options was not an abuse of its discretion.

**AFFIRMED.**