# IN THE COURT OF APPEALS OF IOWA

No. 19-1018
Filed October 21, 2020

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**MICHAEL L. THOMPSON,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Hardin County, Bethany Currie, Judge.

　　　Michael Thompson appeals the district court's sentencing decision following his convictions for second-degree burglary and two counts of first-degree harassment. **AFFIRMED.**

　　　Shawn Smith of The Smith Law Firm, PC, Ames, for appellant.

　　　Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

　　　Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

Michael Thompson broke into the home of friends with whom his two children and their mother were staying. The State charged him with several crimes. A jury found him guilty of second-degree burglary and two counts of first-degree harassment. The district court sentenced Thompson to prison terms not exceeding ten years on the burglary count and two years on the harassment counts, to be served concurrently.

On appeal, Thompson contends the district court abused its discretion in (1) imposing "a maximum sentence for a first-time felon engaged in non-violent conduct who caused no permanent physical damage to persons or property" and (2) failing "to clearly state the reasons supporting its sentence on the record during the sentencing hearing." *See State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996) (setting forth standard of review). We will address the arguments together.

The district court imposed sentence after considering a presentence investigation report as corrected by the defense and after listening to counsels' thorough summaries for and against prison time. Although the court declined to commit Thompson to a residential facility as his attorney recommended, the court exercised its discretion not to impose the prison terms consecutively as the State recommended. The court gave the following statement of reasons for its sentence:

> I have considered all of the sentencing options provided for in chapter 901 and 907 of the Iowa Code, and my judgment related to sentence is that which provides the maximum opportunity for your rehabilitation while at the same time protecting the community from further offenses by you or others similarly situated to you.
> In selecting this particular sentence for you, I have considered your age, your education, your prior criminal history, your employment, your family circumstances, the nature of the offenses committed and the harm to the victims, the fact that no weapon was

> used in the commission of the offense, the need to protect the community, the State's recommendation, your attorney's recommendation, the presentence investigation report recommendation, your statement made today, your character, propensities, needs, and potential for rehabilitation, the need to deter you and others similarly situated from committing offenses of this nature, and your substance abuse history.

While "terse and succinct," the statement included a recitation of pertinent factors such as Thompson's criminal and substance-abuse history. *See State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) ("A terse and succinct statement is sufficient . . . when the reasons for the exercise of discretion are obvious in light of the statement and the record before the court."). As for the mitigating circumstances cited by Thompson, the court had no obligation to mention them. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) (stating court was not "required to specifically acknowledge each claim of mitigation urged by a defendant"). We conclude the court did not abuse its discretion in sentencing Thompson. We affirm his sentence.

**AFFIRMED.**