# IN THE COURT OF APPEALS OF IOWA

No. 21-0708
Filed May 25, 2022

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**GARY LYNN DAINS, JR.,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Tod J. Deck, Judge.

Gary Dains appeals from his conviction on one count and his sentences. **ONGOING-CRIMINAL-CONDUCT CONVICTION AND SENTENCE VACATED, REMAINING SENTENCES AFFIRMED, AND REMANDED.**

Martha J. Lucey, State Appellate Defender, and Maria R. Ruhtenberg and Stephan J. Japuntich (until withdrawal), Assistant Appellate Defenders, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

Following a jury trial, Gary Dains was convicted of four crimes: (1) voluntary manslaughter in violation of Iowa Code section 707.4 (2019); (2) ongoing criminal conduct by specified unlawful activity in violation of Iowa Code section 706A.2(4); (3) theft in the second degree in violation of Iowa Code sections 714.1(2) and 714.2(2); and (4) burglary in the first degree in violation of Iowa Code sections 713.1 and 713.3(1)(c). Dains's sentences for voluntary manslaughter, ongoing criminal conduct, and burglary were ordered to be served consecutively to each other, with the sentence for theft ordered to be served concurrently to the sentences for the other three crimes. This resulted in a total term of incarceration not to exceed sixty years. On appeal, Dains contends his motion for judgment of acquittal should have been granted on the ongoing-criminal-conduct charge and the district court improperly ordered his sentences to run consecutively.

I.      **Factual and Procedural Background**

Dains was living out of state at a time when his estranged wife was renting a room in the victim's house. Dains returned to Iowa and stayed in his wife's room at that house for about two weeks. While staying with his wife, Dains met the victim. When Dains relapsed and resumed using methamphetamine, his wife kicked him out of the residence. Sometime during this period, Dains obtained a key to the residence.

Dains returned to the residence, used the key to break into the victim's upstairs bedroom, and stole property he then pawned for money. The victim reported this to the police and informed them that he suspected Dains. Several days later, police were again contacted, this time to remove Dains from the victim's

residence. In the early morning hours of the next day, Dains again entered the residence. His wife allowed him to sleep in her room. Later that day, the victim was found dead in the portion of the residence he occupied. He was beaten to death with signs of strangulation as well. Dains was determined by the jury to be the victim's killer, and he also made off with the victim's money and vehicle. This series of events resulted in Dains's convictions for the four crimes noted.

## II.      Ongoing Criminal Conduct

Dains claims there was insufficient evidence to convict him of ongoing criminal conduct and his motion for judgment of acquittal should have been granted on that charge. We review challenges to the sufficiency of the evidence for errors at law.[1] As we are highly deferential to the jury's verdict, we are bound by the verdict if it is supported by substantial evidence.[2] Evidence is substantial if it is sufficient to convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt.[3] In making the sufficiency determination, "we view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'"[4]

We start with the elements of the offense. As no objection was lodged to the jury instructions, the instructions are the law of the case for purposes of our review of the sufficiency of the evidence.[5] Here, the marshaling instruction for the

---

[1] *State v. Mathis*, 971 N.W.2d 514, 516 (Iowa 2022).
[2] *Mathis*, 971 N.W.2d at 516.
[3] *Mathis*, 971 N.W.2d at 516–17.
[4] *Mathis*, 971 N.W.2d at 517 (quoting *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017)).
[5] *See State v. Schiebout*, 944 N.W.2d 666, 671 (Iowa 2020).

ongoing-criminal-conduct charge told the jury that the State must prove all of the following for a finding of guilt on this charge:

> (1) On or about the 8th day of July 2019 to on or about July 16, 2019, the Defendant committed these two acts:
>     (a) Burglary at [victim's address] on July 8, 2019.
>     (b) Burglary at [victim's address] on July 16, 2019.
> (2) The Defendant committed the burglaries with the specific intent of financial gain; and
> (3) The Defendant committed the burglaries on a continuing basis.

Another instruction informed the jury that "on a continuing basis" for element number three means: "if the acts had the same or similar purpose, results, participants, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics and are not isolated events and if they are committed under circumstances indicating that the defendant will continue to commit similar offenses."

Dains claims on appeal that his motion for judgment of acquittal should have been granted because there was insufficient evidence as to the "continuing basis" component of element number three.  He contends that, because the victim was killed during the commission of the second offense, the victim is no longer available for re-victimization and, therefore, there cannot be an ongoing pattern of conduct. He further contends there is no threat of ongoing conduct because he was arrested and, thus, cannot continue such activity.

Our supreme court has interpreted "continuing basis" in this context to require a relationship between the predicate acts and the threat of continued criminal activity.[6]  "[A] continuing basis may be found, even where predicate acts

---

[6] *See State v. Reed*, 618 N.W.2d 327, 334 (Iowa 2000) ("It is this factor of *continuity plus relationship* which combines to produce a pattern." (quoting *Midwest Heritage*

occur over a short period of time, if there is a demonstrated relationship between the predicate acts and a threat of continuing criminal activity."[7]  "[T]he relationship element of a pattern can be shown if the predicate acts 'have the same or similar purposes, results, participants, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics and are not isolated events.'"[8]

Here, there is sufficient evidence of the relationship component of the continuing-basis element, as the evidence adequately supports a finding that Dains burglarized the same house of the same victim in the same manner with the same goal of financial gain on two occasions within a short period.  The sticking point is whether there is sufficient proof of the continuity component.

In assessing whether there is sufficient evidence of the threat of continued criminal activity, we are not persuaded by Dains's argument that his arrest prevented him from committing future crimes.  Our court has rejected such a claim.[9]  Nor are we persuaded by Dains's argument that the victim's death categorically prevents a finding of a threat of continued criminal activity, as there

---

*Bank, FSB v. Northway*, 576 N.W.2d 588, 591 (Iowa 1998))); *see also State v. Crawford*, ___ N.W.2d ___, ___, 2022 WL 1592169, at *7 (Iowa 2022) ("Requiring continuity helps distinguish between isolated events and a plan of continuing illegal activity.").

[7] *State v. Banes*, 910 N.W.2d 634, 640-41 (Iowa Ct. App. 2018) (alteration in original) (quoting *State v. Agee*, No. 02-0967, 2003 WL 22087479, at *2 (Iowa Ct. App. Sept. 10, 2003)).

[8] *Banes*, 910 N.W.2d at 641 (alteration in original) (quoting *Reed*, 618 N.W.2d at 327).

[9] *See State v. Russell*, No. 08-2034, 2010 WL 786207, at *2 (Iowa Ct. App. Mar. 10, 2010) (holding that, even though law enforcement swiftly intervened and therefore the criminal conduct did not occur over a lengthy period of time, law enforcement intervention did not prevent a finding of guilt).

may be situations in which the death of the victim does not preclude a finding that a defendant will continue to commit similar offenses.

We are persuaded, however, that the evidence is generally insufficient to establish that Dains would continue to commit similar offenses in the future. Our appellate courts have found sufficient evidence of a threat of future criminal activity under the following circumstances:

- The evidence against a suspected drug dealer included recovery of a "stash" of drugs, numerous past drug sales, and payment of rent to a third party to store the stash; such evidence showed an ongoing business in dealing drugs and intent to continue such business in the future.[10]
- The evidence against a suspected forger included: (1) the defendant had stolen mail from an area business; (2) the defendant possessed stolen mail, checks, deposit slips, and blank checks; (3) five of the blank checks had been forged in a manner consistent with the scheme at issue; (4) the defendant possessed a police scanner and a numerical list of eleven financial institutions; and (5) the defendant and his cohort were engaged in a well-organized scheme of fraud that was not limited to the particular victims at issue in the case, providing substantial evidence of a threat of future criminal activity.[11]
- The evidence against an alleged human trafficker included evidence that the defendant offered two minor girls work in Iowa with a strip club and sex work business or training for sex work with the defendant's acquaintance in Washington, D.C., and the defendant or his accomplice placed an Internet ad for exotic services picturing the two girls and soliciting future work, providing substantial evidence of a threat of future criminal activity.[12]

In contrast, our court has found insufficient evidence to support an ongoing-criminal-conduct conviction under these circumstances:

- The evidence against a suspected burglar and thief was limited to three acts on a single day, and there was no evidence of a threat of continued unlawful activity because evidence that the defendant was not

---

[10] *Reed*, 618 N.W.2d at 335.

[11] *Agee*, 2003 WL 22087479, at *2.

[12] *Russell*, 2010 WL 786207, at *2.

employed, without more, would not support a legitimate inference of a threat of continued unlawful activity.[13]

- The evidence against a suspected burglar and thief was limited to proof of several commercial burglaries committed over a period of a few days, with no evidence of any plan for future criminal conduct.[14]

- The evidence against a robbery suspect showed the defendant used an Internet ad ruse to lure five victims to be robbed over the course of five days, but the evidence was insufficient to support an ongoing-criminal-conduct conviction because there was no evidence of planned future crimes (e.g., the posting of additional ads).[15]

We find this case to be more similar to the latter group of cases than the former. There is inadequate evidence to support a reasonable inference that Dains intended to commit future, similar criminal activity. The State urges us to consider the fact that Dains retained a key to the residence and had a long-term methamphetamine habit that needed to be fed to infer future criminal activity. But, just as we do not infer plans for future criminality from a defendant's unemployment,[16] we will not infer future criminal plans from a defendant's drug addiction. Possession of the key gives us some pause, but we conclude this evidence does not tip the scale into sufficient evidence to support the conviction. The evidence established that Dains committed crimes of opportunity against one individual at one location. With that individual now dead and unable to restock his home with additional items to steal, without additional evidence, we cannot legitimately infer any plans for future criminal conduct against this or any other victim.

---

[13] *State v. Harrington*, No. 08-2030, 2010 WL 2925696, at *2–3 (Iowa Ct. App. July 28, 2010).

[14] *Banes*, 910 N.W.2d at 641.

[15] *State v. Goodwin*, No. 18-1822, 2020 WL 1551149, at *6–7 (Iowa Ct. App. Apr. 1, 2020).

[16] *See Harrington*, 2010 WL 2925696, at *2–3 (finding proof of unemployment insufficient to infer an intent to commit future crimes).

We find the evidence insufficient to support Dains's conviction for ongoing criminal conduct. We vacate the conviction and sentence for that charge, and we remand for entry of an order dismissing that charge with prejudice. While we are permitted to order resentencing on the remaining charges under these circumstances, we are not obligated to do so.[17] As Dains did not request resentencing on the remaining charges, he has waived and abandoned that issue.[18]

### III. Sentencing Decision

Dains also contends the district court did not properly consider his need for rehabilitation in the form of substance-abuse and mental-health treatment in imposing consecutive sentences. We review sentences for correction of errors at law.[19] We will not reverse the sentence imposed absent an abuse of discretion or some defect in the sentencing procedure.[20] As imposition of consecutive sentences is part of sentencing discretion, we also review the decision to impose consecutive sentences for abuse of discretion.[21] In reaching a sentencing decision, the district court is required "to weigh multiple factors, 'including the nature of the offense, the attending circumstances, the age, character and

---

[17] *See State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015) ("When one of several convictions are reversed on appeal, the judgment and sentence for the conviction that was reversed can be severed and the remaining sentence for the convictions that were not reversed can stand or the case can be remanded for resentencing.").
[18] *See Hubby v. State*, 331 N.W.2d 690, 694 (Iowa 1983) ("[I]ssues are deemed waived or abandoned when they are not stated on appeal by brief . . . .").
[19] *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020).
[20] *Damme*, 944 N.W.2d at 103.
[21] *See State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006) ("We review a district court's decision to impose consecutive sentences for abuse of discretion.").

propensity of the offender, and the chances of reform.'"[22]  The sentencing judge must also "consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors."[23]  To overcome the presumption in favor of the sentences imposed, Dains must affirmatively demonstrate that the district court relied on an improper factor.[24]

Dains fails to show that the district court abused its discretion.  The district court specifically stated that Dains's substance abuse was not a mitigating factor in the sentencing determination, and the court also considered several other factors, one of which was the contents of the presentence investigation report. That report included information about Dains's mental-health history and concerns. The district court clearly considered the factors Dains claims it did not consider, and, in doing so, the court arrived at the sentences imposed.  The court is not required to elaborate on how the considerations affect the sentence.[25]  The court stated that "the crimes that were committed showed a surprising lack of regard and respect for other people's property, other people's lives."  The district court did not abuse its discretion in imposing the sentences it chose.

IV.  **Conclusion**

Finding insufficient evidence to support the ongoing-criminal-conduct charge, we vacate Dains's conviction and sentence for that offense.  We remand

---

[22] *State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022) (quoting *Damme*, 944 N.W.2d at 106).

[23] *McCalley*, 972 N.W.2d at 677 (quoting *State v. Formaro*, 638 N.W.2d. 720, 725 (Iowa 2002)).

[24] *See McCalley*, 972 N.W.2d at 677

[25] *See State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996) ("The sentencing court, however, is generally not required to give its reasons for rejecting particular sentencing options.").

to the district court for entry of dismissal of that charge with prejudice.  As we find no abuse of discretion in the sentences imposed for the remaining charges, we affirm the imposition of those sentences and allow them to remain intact and unchanged.

**ONGOING-CRIMINAL-CONDUCT CONVICTION AND SENTENCE VACATED, REMAINING SENTENCES AFFIRMED, AND REMANDED.**